IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHI J. KIM, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 3:11-CV-2474-M-BK |
| § | |
| JANET NAPOLITANO, *et al.*, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSION, and RECOMMENDATION**

Pursuant to the District Court's standing order of reference (Doc. 10), this case was referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions.

On September 21, 2011, Plaintiffs filed suit against Defendants seeking a writ of mandamus requiring Defendants to adjudicate Plaintiffs' Form I-485 applications for permanent residence status. (Doc. 1, *passim*). On January 31, 2012, Defendants filed a motion to dismiss Plaintiffs' case pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiffs' request for a writ of mandamus is moot because Plaintiffs' I-485 applications were denied on December 22, 2011. (Doc. 15 at 1-3). Under the Local Rules, Plaintiffs were required to file a response to Defendants' motion on or before February 21, 2012, if they opposed the relief sought. The Court, *sua sponte*, enlarged Plaintiffs' response time to March 2, 2012. (Doc. 17). To date, however, Plaintiffs have failed to respond.

Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). Under 28 U.S.C. § 1361, district courts "have original jurisdiction of any action in the nature of mandamus

to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Where the question of mootness arises, however, the court must resolve it before it can assume jurisdiction. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted); *Carr v. Saucier*, 582 F.2d 14, 15–16 (5th Cir. 1978) (if the controversy is moot, both the trial and appellate courts lack subject matter jurisdiction).

The United States Citizenship and Immigration Services denied Plaintiffs' Form I-485 applications on December 22, 2011. (Doc. 16 at 3-12[1]). Thus, there is no actual, ongoing controversy between the litigants here, and this case should be dismissed under FED. R. CIV. P. 12(b)(1) for lack of jurisdiction. Accordingly, it is recommended that Defendants' *Motion to Dismiss Complaint as Moot* (Doc. 15) be **GRANTED** and that Plaintiffs' case be dismissed with prejudice.

**SIGNED M**arch 7, 2012.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants support their 12(b)(1) motion with evidence outside the petition. However, since Plaintiffs have not contested the proffered evidence, there is no genuine factual dispute for the Court to resolve.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE